Agar Packing and Provision Company, Appellant, v. Frank Becker, Appellee.

Gen. No. 9,450.

Opinion filed August 18, 1939.

J. J. LUDENS, of Sterling, for appellant.

WARD, WARD & SCHEINEMAN, of Sterling, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

The Agar Packing and Provision Company is a corporation doing business in Chicago, Illinois. A. D. Peckenbaugh was an employee of the company, selling its meats and other food provisions. On December 23, 1936, while in the employment of the said Packing Company, he was traveling by automobile on a hard surfaced road from Morrison, Illinois, in a northerly direction toward Mt. Carroll. At that time his automobile collided with that of Frank Becker and through this collision, the said A. D. Peckenbaugh was killed.

A. D. Peckenbaugh left surviving him as his only dependent, his widow, Ellen Lawrence Peckenbaugh. Under and by virtue of the Workmen's Compensation Act of Illinois, the Agar Packing and Provision Company became liable to pay Ellen Lawrence Peckenbaugh, the widow, the sum of $15 per week until $4,000 was paid. The Packing Company made voluntary payments, and is still making them to the widow, and settled with her without a claim being filed under the Workmen's Compensation Act.

The Packing Company started a suit against Frank Becker for the wrongful death of A. D. Peckenbaugh. In their complaint they alleged the facts as above stated, and also charge that at the time Peckenbaugh was injured, Frank Becker was a farmer and was not bound by the Workmen's Compensation Act of the State of Illinois. The suit is brought by the Agar Packing and Provision Company, the plaintiff, as the employer of the deceased, A. D. Peckenbaugh, under section 29 of the Workmen's Compensation Act [Ill.

Rev. Stat. 1937, ch. 48, § 166; Jones Ill. Stats. Ann. 143.44]. They allege that under the law, they are entitled to maintain their suit against Becker, because they have been compelled to pay the widow of Peckenbaugh a large sum of money on account of said Workmen's Compensation Act.

The defendant filed a motion to dismiss the suit and alleged the following reasons for doing so: "1. The only action for the injury complained of which might be maintainable against the defendant is an action on behalf of a personal representative of the deceased under the 'Injuries Act' because this defendant is not under the provisions of the Compensation Act.

"2. The only statutory method by which an action for death survives, other than under the 'Injuries Act' is under the Compensation Act in a case in which the third party was under the Compensation Act or elected not to be bound by the Act, and this defendant does not fall within either one of those provisions.

"3. If the action is based upon subrogation, it would only be by reason of payment to the personal representative and not to the widow as is alleged in this case.

"4. That there is no legal liability to pay until the Industrial Commission has made an award and there has been some action taken against the plaintiff." The court sustained the motion to dismiss the suit and entered judgment against the plaintiff for costs and it is from this judgment that the Packing Company is prosecuting an appeal in this court.

The question presented to the lower court and for this court to decide, is whether under section 29 of the Workmen's Compensation Act, the Packing Company is subrogated to the rights of the personal representatives of the deceased, Peckenbaugh, against the defendant, Becker, for his wrongful death. An examination of this section of the act discloses that the first

paragraph provides that where the employer, the employee and the third party who causes the injury, or wrongful death, are all under the act, there is no question but that the employer could maintain his suit. The second section of the act provides that where the employer and the employee are under the act and the third party who caused the injury might otherwise be under the act, but has elected not to be bound by it, there seems to be no question but that the employer can maintain his suit.

The difficulty arises where the employer and the employee are under the act, but the third party is not of a group in any way included in the act, such as in this case where the defendant is a farmer. If the act itself is not broad enough to give the plaintiff the right to sue, the suit cannot be maintained, as such an action was not known at common law, *Crane v. Chicago & W. I. R. Co.,* 233 Ill. 259; *Faber v. Industrial Commission,* 352 Ill. 115. Under the ''Injuries Act'' the right of action is exclusively in the personal representative of the deceased person for the benefit of the widow and next of kin, and cannot be maintained by an individual. *Van Meter v. Goldfarb,* 317 Ill. 620.

Section 5 of sec. 29 of the Workmen's Compensation Act [Ill. Rev. Stat. 1937, ch. 48, § 166; Jones Ill. Stats. Ann. 143.44] provides : ''In the event the said employee or his personal representative shall fail to institute a proceeding against such third person at any time prior to three months before said action would be barred at law said employer may in his own name, or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid

under this Act, and costs, attorney's fees and reasonable expenses as may be incurred by such employer in making such collection or in enforcing such liability.''

This statute gives the employer the right to maintain his suit against ''such other third party'' who has caused the injury, or death of the employee. The question is, who is meant by such other person, or third party? If the suit can be maintained only against such third parties as are mentioned in the act, then it must be against such third party who is under the act, or one who might otherwise be under the act, but has elected not to be bound by it. It is conceded that the third party in this suit is a farmer and by section 3 of the act [Ill. Rev. Stat. 1937, ch. 48, § 139; Jones Ill. Stats. Ann. 143.18] expressly exempts farmers from the operation of the act.

We have carefully read all the cases that have been cited by both the appellant and appellee in this case, but the question presented here, so far as we are able to ascertain, has never been presented to the Supreme or Appellate Court. In all the cases presented, the third party was either under the act, or had elected not to be bound by it.

It is our conclusion that the person committing the injury to the employee, as designated in the 5th paragraph of section 29 of the act ''as such other person'' means such other persons as designated in paragraphs 1 and 2 of section 29 of the act.

We think the trial court properly held that the action could not be maintained and dismissed the suit and that the judgment is hereby affirmed.

*Affirmed.*