Wanda Jean EVAIN, by her grandfather
and next friend, Clayton Webb,
Plaintiff,

v.

James CONLISK, Superintendent of
Police et al., Defendants.

No. 73 C 867.

United States District Court,
N. D. Illinois, E. D.

July 13, 1973.

Lowell Komie and William Levinson, Stiefel, Levinson & Komie, Chicago, Ill., for plaintiff.

James K. Maremont, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

### Motion To Dismiss

The plaintiff, Wanda Jean Evain, by her grandfather and next friend brings this cause of action seeking damages pursuant to 28 U.S.C. § 1343 alleging a deprivation of her civil rights under 42 U.S.C. §§ 1983 and 1988 and a denial of her equal protection and 14th amendment rights and a denial of rights, privileges and immunities as a citizen of the United States and the State of Illinois.

Plaintiff alleges that on April 6, 1968 at 6437 South Halsted Street in the City of Chicago, one or more of the individually named Police Officers shot and killed her father, Clayton Webb, Jr. Plaintiff contends that as a result of this death she has suffered a deprivation of her civil rights and equal protection of the laws e. g., pain and suffering, mental anguish and loss of love, care, affection and financial support.

To redress this alleged wrong, plaintiff seeks damages from defendants individually and in their official capacity totaling $1,200,000.

The defendants, by way of a Motion To Dismiss, have taken the position that the plaintiff does not have standing to bring this cause of action, since the only enforceable claim available to plaintiff would be under the provisions of the Illinois Wrongful Death Statute. Defendants contend that under these provisions, plaintiff has failed to qualify as an executor of the estate of the deceased and has failed to comply with the two year filing condition of liability, this suit having been brought almost five years after the occurrence of the death.

In addition, defendants assert that the damages sought by plaintiff are not recoverable in a wrongful death action, that Superintendent Conlisk can not be held liable under 42 U.S.C. §§ 1983 and 1988 under the doctrine of *respondeat superior* and that the City of Chicago is not a "person" within the meaning of 42 U.S.C. § 1983.

The plaintiff in answer to the defendants Motion To Dismiss, argues that her cause of action is *not* brought under the Illinois Wrongful Death Statute but is an independently cognizable action for the deprivation of her civil rights. The plaintiff further answers that since the cause of action is brought in her own right a five year statute of limitations applies and the damages sought may be recovered.

Defendants have filed a second reply to plaintiffs Answer to the Motion To Dismiss and now contend that even if the plaintiff's cause of action is not brought as a Wrongful Death Action, the cause must still be dismissed since the plaintiff can not show any deprivation of her rights. Assuming the death of her father was as a result of a deprivation of *his* civil rights, the defendants contend plaintiff can not show any illegal action as to *her* and as a consequence her cause of action must fail.

Taking the plaintiff's allegations as true for purposes of defendant's Motion To Dismiss, the Court must decide if as a result of the alleged illegal and willful killing of plaintiff's father, she has been deprived of her civil rights. Before reaching this issue, however, it is necessary to consider who can claim official immunity and who are the proper parties in this case.

The plaintiffs have brought suit against the City of Chicago, a Municipal Corporation, James Conlisk, Superintendent of Police and Police Officers Clement Skalski, Roman Kugelman, Joseph Cipich, Michael O'Clock, John Doe and Richard Roe, individually and in their official capacity. On the Court's own motion, defendant, City of Chicago, has been dismissed under the considerations of municipal immunity. In addition, we find it necessary to dismiss defendant Conlisk absent a showing of his personal involvement in the alleged injury suffered by the plaintiff.

This Court has recently considered the doctrine of municipal immunity and the immunity of supervisory personnel in Boyd v. Adams, No. 73 C 403, 364 F. Supp. 1180, decided on June 29, 1973. In an extensive opinion, we commented upon the most recent Supreme Court decisions and found:

> The United States Supreme Court, therefore, has interpreted 42 U.S.C. §§ 1983 and 1988 in terms of municipal liability to prevent suits against such political ·subdivisions whether for damages or equitable relief in all cases, thereby granting full immunity under these sections. Boyd v. Adams, No. 73 C 403, Memorandum Opinion, p. 1184. (N.D.Ill. June 29, 1973)

In addition, we found:

> Thus, without direct action causing injury to the plaintiff supported by allegations of the same, defendant· Conlisk can not be sued as a proper defendant under 42 U.S.C. § 1981 et seq. Boyd v. Adams, No. 73 C 403, Memo-

randum Opinion, p. 1184 (N.D.Ill. June 29, 1973)

Therefore, the only parties remaining in this case are the Police Officers, who are sued individually and in their official capacities as the alleged perpetrators of the unlawful death which gives rise to plaintiff's cause of action.

The plaintiff alleges, that the killing of her father created an independent cause of action for the deprivation of her civil rights. "In determining whether or not plaintiff's constitutional rights have been deprived, we must look at everything that transpired." Jennings v. Nester, 217 F.2d 153, 155 (7th Cir. 1955). The only relevant consideration in this case is the effect of plaintiff's father's death on plaintiff's rights.

Under the Civil Rights Statutes, this Circuit follows the position that a District Court may not exercise its jurisdiction unless an individual is deprived of a right, privilege or immunity under the Constitution. Kamsler v. M. F.I. Corporation, 359 F.2d 752 (7th Cir. 1966). The question then becomes whether or not plaintiff has suffered such a deprivation.

It is quite apparent in Civil Rights litigation that one individual cannot sue for the deprivation of another's civil rights. As the Court stated in Mosher v. Beirne, 237 F.Supp. 684 at 687 (E.D.Mo.1964):

> . . . . Plaintiff's allegations in his complaint are not such as create a valid cause of action in him. The effect of those paragraphs is that plaintiff is seeking on his own motion to correct wrongs allegedly done to others, but it is elementary in civil rights litigation that one cannot sue over the deprivation of another's civil rights. McCabe v. Atchison, T. & S. F. Ry. Co., 235 U.S. 151, 35 S.Ct. 69, 59 L. Ed. 169; State of Mo. ex rel. Gaines v. Canada, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208; Brown v. Board of

Trustees of LaGrange Independent School Dist. et al., 5th Cir., 187 F.2d 20.

To this proposition must be added the exception that when the deprivation of an individual's rights results in his death then a cause of action may survive for the benefit of the estate of the deceased individual under the Civil Rights provisions, if the applicable state law creates such a survival action. Brazier v. Cherry, 293 F.2d 401 (5th Cir. 1961). As the defendants have indicated in their initial reply, Illinois allows for a survival type cause of action for wrongful death. The provisions of the Illinois Statute, Ill.Rev.Stat. Ch. 70, Secs. 1 and 2 provide that suit may be brought by and in the names of the personal representatives of the deceased for the benefit of the widow and next of kin. Ill.Rev. Stat. Ch. 70, § 2.

█ This provision, therefore, does not create an individual right for the plaintiff bringing suit, rather it affords a cause of action for the benefit of the deceased's estate. Agar Packing and Provision Company v. Becker, 301 Ill. App. 237, 22 N.E.2d 447 (1939). As a consequence, any cause of action created under the applicable state laws for the death of plaintiff's father must fail, since she has sued in her own individual capacity and not as representative of her father's estate.

In addition, the statutory provisions require the filing of the cause of action within two years of the death as a condition of liability. Ill.Rev.Stat. Ch. 70, § 2. Since plaintiff has commenced suit almost five years from the date of the death, again her cause of action under the applicable state laws must fail as procedurally deficient.

█ The effect of the state cause of action, is to create in the plaintiff an opportunity to bring suit for the benefit of her father's estate for the deprivation of *his* civil rights. However, it does not create an individual cause of action in the plaintiff for the deprivation of *her* rights. As a result, absent a showing of an individually protected right, the plaintiff's cause of action must be dismissed.

█ The plaintiff argues that the injury caused by the death of her father as manifested in her deprivation of care, love, association, and financial support is sufficient to constitute a protectible right under the Civil Rights Act. The allegation, however, must fail, for it does not establish a violation or deprivation of a right secured by the Constitution or laws of the United States.

█ The mere allegation that a tort has been committed is insufficient in itself to bring plaintiff's claim within the protection of the Civil Rights Act. This Court has previously considered the requisite elements of tortious conduct as a cause of action under the Civil Rights Act in Jenkins v. Meyers, 338 F.Supp. 383 at 389 (N.D.Ill.1972), affirmed July 2, 1973, 7th Circuit Court of Appeals, where we found:

5) The fifth category includes cases where there is no violation of a constitutional right as such, there was no improper motive and the act and the result were not intended. The injury in such a case is the result of a "pure tort" rather than a constitutional tort, such as personal injury and such an action cannot be maintained under 42 U.S.C. § 1983. See Kent v. Prasse, D.C., 265 F.Supp. 673 (1967) affirmed 385 F.2d 406 (3rd Cir. 1967)

█ Thus, even if plaintiff could establish a tortious act, as to her, as a result of her father's death, her complaint must still fail. In maintaining jurisdiction under the Civil Rights Act, the plaintiff must show a deprivation of his rights. Sarelas v. Sheehan, 326 F.2d 490 (7th Cir. 1963); Jones v. Bombeck, 375 F.2d 737 (3rd Cir. 1967); Colon v. Grieco, 226 F.Supp. 414 (D.N.J.1964). Plaintiff in this case has failed to show any such deprivation.

The Court, therefore, must grant defendant's Motion To Dismiss finding no actionable deprivation of a federally protected nature in the unlawful death of

plaintiff's father. The survival action, created by the state to redress the alleged deprivation of the father's rights, although cognizable in this Court is not available to the plaintiff having failed to comply with the procedural requirements.

In summary, the Superintendent of Police, James Conlisk and the City of Chicago are dismissed pursuant to their respective immunities and the remaining action against the individual Police Officers is dismissed for plaintiff's failure to state a claim upon which relief may be granted.