James WHITE, Nola White and the Estate of Vance J. White, Plaintiffs,

v.

William TALBOYS, individually and as an officer of the Aurora Police Department, the City of Aurora, et al., Defendants.

Civ. A. No. 83–K–142.

United States District Court, D. Colorado.

Oct. 4, 1983.

Steven A. Christensen, Jon L. Holm, Holm & Christensen, Denver, Colo., for plaintiffs.

Randall A. Rinquest, Denver, Colo., for Talboys.

Patrick E. Kowaleski, Charles H. Richardson, Aurora, Colo., for City.

Louis B. Bruno, Bruno & Bruno, P.C., Lakewood, Colo., for City and remaining defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

The plaintiffs, parents of the deceased Vance J. White, have instituted this action under 42 U.S.C. § 1983 in an attempt to recover damages for his death. They allege that the defendant William Talboys, while acting in his official capacity as an officer of the Aurora Police Department, "summarily executed" their son in violation of his and plaintiffs' constitutional rights. The plaintiffs further allege that the defendants B.K. Blake, chief of police of the Aurora Police Department, and the City of Aurora violated the decedent's and plaintiffs' constitutional rights by failing adequately to supervise and train employees who are placed in a position to enforce the law. According to plaintiffs, this negligence on the part of the defendants proximately caused the death of their son. Plaintiffs also allege that the conduct of defendant Talboys is attributable to the City of Aurora under the doctrine of respondeat superior. Defendants have moved to dismiss this complaint. I am quite familiar with most of the issues posed in this case since they have appeared in two of my earlier opinions. *See Sager v. Woodland Park*, 543 F.Supp. 282 (D.Colo.1982); *Sanchez v. Marquez*, 457 F.Supp. 359 (D.Colo.1982).

## I. § 1983 AND RESPONDEAT SUPERIOR

■ Plaintiffs claim that the action of William Talboys is imputable to the City of Aurora through the doctrine of respondeat superior. The United States Supreme Court however, has refused to apply that doctrine to actions brought under 42 U.S.C. § 1983. *Monell v. Dep't of Social Services*

*of New York City*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The court clearly stated, "that a municipality cannot be held liable solely because it employs a tortfeasor...." 436 U.S. at 691, 98 S.Ct. at 2036. Plaintiffs insist that *Monell* imposes liability on the City of Aurora since William Talboys was exercising the policy of the City of Aurora when he shot Vance White. Such a policy would have to plead and prove the promotion by the City of Aurora of a policy to have its police officers kill innocent citizens without cause or justification. *Sanchez*, 457 F.Supp. at 361. Plaintiffs have also failed to allege the essential allegation that the city personally participated in the shooting. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976) (failure to show "affirmative link" between incident and authorization); *Kite v. Kelley*, 546 F.2d 334 (10th Cir.1976); *Bennet v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir.1976); *Battle v. Lawson*, 352 F.Supp. 156 (W.D.Okla.1972). Therefore, I dismiss plaintiff's claim against the City of Aurora for failure to show any authorization of or participation in the shooting of Vance White by William Talboys. I grant defendant Blake's motion to dismiss for the same reasons.

## II. CLAIMS FOR RELIEF UNDER THE CONSTITUTION

■ Plaintiffs assert that their claims for relief under 42 U.S.C. § 1983 and under the constitution are not redundant. I disagree. It is well established that once a claim for relief has been asserted under 42 U.S.C. § 1983, all other direct claims for relief based upon various amendments to the U.S. Constitution are unnecessary. *See Shirley v. Bensalem T.P.*, 501 F.Supp. 1138 (E.D.Pa.1980); *Edmonds v. Dillin*, 485 F.Supp. 722, 728 (N.D.Ohio 1980); *Leite v. City of Providence*, 463 F.Supp. 585, 587 (D.R.I.1978). Therefore, I grant defendant's motion to dismiss plaintiffs' claims under the constitution, since they overlap the § 1983 claim.

### III. PLAINTIFFS' CLAIMS AS INDIVIDUALS: THE CONSTITUTIONAL RIGHT TO THE CONTINUED LIFE OF AN OFFSPRING

 Plaintiffs also allege that they were deprived of their constitutional right to a family relationship through the shooting of their son. I confronted this same issue in the context of whether a sibling has a constitutional right to the continued life of a brother or sister. I mentioned that the right to educate and associate with one's own child may rise to constitutional dimensions. I held however, that a sibling has no such right. *Sager*, 543 F.Supp. at 290. Now I am convinced from reading Judge Moore's opinion in *Jackson v. Marsh*, 551 F.Supp. 1091 (1982), that the parents of the deceased are asserting a right that is not guaranteed by the constitution:

> Conversely, the Supreme Court has never addressed, nor has it created, a right of a constitutional magnitude which protects individuals, from particular acts of governmental agents focusing upon specific family members and potentially affecting the continuity of the intrafamily relationship.

551 F.Supp. at 1094. Plaintiffs may only recover for deprivations of their own constitutional rights, not the rights of another. *Jones v. Hildebrant*, 191 Colo. 1, 550 P.2d 339, 345 (1976), *cert. dismissed*, 432 U.S. 183, 97 S.Ct. 2283, 53 L.Ed.2d 209 (1977); *Evain v. Conlisk*, 364 F.Supp. 1188, 1190 (N.D.Ill.1973). Plaintiffs claims for relief based on a constitutional deprivation of their own rights due to their son's death, are dismissed. The right to the continued life of an offspring is not a cognizable constitutional claim under § 1983.

### IV. § 1983 NEGLIGENCE CLAIM

 Plaintiffs also seek damages due to the negligent training of police officers by the City of Aurora and its police chief. A showing of mere negligence will not support a claim for relief under § 1983. There must be some showing of gross negligence or recklessness. The Tenth Circuit in *McClelland v. Facteau*, 610 F.2d 693 (10th Cir.1979), held that the plaintiff must demonstrate that the training procedures used to train the policemen were defective or that the police chief knew or should have known of the individual officer's tendency to violate the constitutional rights of others. 610 F.2d at 697.

> [T]o extend the general duty of these [defendants] to prudently select, educate and supervise police department employees to an isolated spontaneous incident ... would be beyond reason.

610 F.2d at 697 (*citing Jennings v. Davis*, 476 F.2d 1271 (8th Cir.1973)). Therefore, I dismiss plaintiffs' negligence claim.

### V. LIMITATION OF DAMAGES

 The plaintiffs seek damages under § 1983 as the personal representatives of their deceased son. They argue that a claim under § 1983 cannot be limited by Colorado's survival statute, § 13–20–101, C.R.S.1973, or wrongful death statute, § 13–21–201, C.R.S.1973. I agree with plaintiffs. As I stated in *Sager:*

> Reliance on the Colorado wrongful death damage rules would undermine the compensation rationale underlying § 1983 since it would limit and 'preclude recovery by survivors suing in their own interests.' Since the allegedly unconstitutional conduct caused the decedent's death, application of Colorado survival and wrongful death damage rules would undermine the deterrence goals of § 1983.

543 F.Supp. at 297.

### VI. CONSPIRACY CHARGE

Plaintiffs claim for relief based upon a conspiracy is dismissed without prejudice for failure to state a claim upon which relief can be granted. As I found in *Sanchez*, "General allegations of a conspiracy which are unsupported by facts are insufficient to constitute a cause of action." 457 F.Supp. at 364.

The motions are granted in part and denied in part. The City of Aurora and B.K. Blake are dismissed as parties to this ac-

tion. The defendant Talboys shall answer the complaint within ten (10) days.