Melissa CHRISTENSEN, Plaintiff,

v.

Patrick K. PHELAN, individually and as a police officer; Joseph Black, individually and as a police officer; City and County of Denver, Colorado, Defendants.

Civ. A. No. 84–K–309.

United States District Court, D. Colorado, Civil Division.

April 15, 1985.

Jeffrey A. Bogue, Leventhal & Bogue, Denver, Colo., for plaintiff.

Jonathan A. Cross, Halaby & McCrea, Denver, Colo., Marc Colin, Bruno & Bruno, Lakewood, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff alleges that on May 24, 1983 she was arrested and beaten by Denver Police officers Patrick K. Phelan and Joseph Black. She seeks recovery from officers Black and Phelan for deprivation of her constitutional rights pursuant to the provisions of 42 U.S.C. § 1983. The complaint also seeks recovery under various pendent state tort claims of negligence, assault, battery, outrageous conduct and punitive damages. Plaintiff explicitly asserts no federal claims against the City and County of Denver. Plaintiff does, however, allege that the city is directly liable for its own

negligence in hiring, supervising and retaining Phelan and Black. The complaint also alleges that the city is indirectly and vicariously liable for the acts of its employees. Plaintiff moves to amend the pre-trial order to include this final claim. The motion to amend is granted.

The City and County of Denver has moved for judgment on the pleadings pursuant to the provisions of Rule 12(c), Fed. R.Civ.P. Denver argues that there are no allegations supporting this court's jurisdiction over the city. Alternatively, in its brief Denver argues that it is immune from suit under the law of the State of Colorado.

When a federal court's subject-matter jurisdiction is based upon a federal question, the court possesses the power to exercise pendent jurisdiction over state law claims if two conditions are met. First, "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court." Second, "[t]he state and federal claims must derive from a common nucleus of operative facts, ... such that [plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). If such power exists, then the grant of pendent jurisdiction is within the sound discretion of the trial court giving due consideration to issues of "judicial economy, convenience and fairness to the litigants." *Id.* at 726, 86 S.Ct. at 1139. However, if Congress has expressly or impliedly negated the exercise of pendent jurisdiction, the federal court is without power to decide the pendent claims. *See Aldinger v. Howard*, 427 U.S. 1, 17–18, 96 S.Ct. 2413, 2421–2422, 49 L.Ed.2d 276 (1976).

Plaintiff presents a substantial federal claim against Phelan and Black alleging that while acting under the color of state law they deprived her of rights, privileges and immunities secured by the Constitution. *See Wise v. Bravo*, 666 F.2d 1328, 1331 (10th Cir.1981). Plaintiff, however, asserts no independent basis for subject matter jurisdiction over the claims asserted against the City and County of Denver. She, therefore, asks that I exercise pendent party jurisdiction over Denver. The Tenth Circuit has recognized pendent party jurisdiction. *Transok Pipeline Co. v. Darks*, 565 F.2d 1150, 1154–55, (10th Cir.1977), *cert. denied*, 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978). Generally, the same factors that are relevant to the exercise of jurisdiction over pendent claims apply to the exercise of jurisdiction over pendent parties. *See* 13B Wright, Miller and Cooper, Federal Practice and Procedure § 3567.2 at p. 160 (2d Ed.1984).

Plaintiff's claims against the officers themselves and against the city under a theory of respondeat superior derive from a common nucleus of operative facts which would commonly be examined in one proceeding. Thus, this court has the power to exercise pendent jurisdiction under the *Gibbs* test. However, as in *Aldinger:*

> The question here, which it was not necessary to address in *Gibbs* or *Osborn* [*v. Bank of the United States*, 9 Wheat. 738, 6 L.Ed. 204 (1824)], is whether by virtue of the statutory grant of subject-matter jurisdiction, upon which the [plaintiff's] principal claim against the [police officers] rests, Congress has addressed itself to the *party* as to whom jurisdiction pendent to the principal claim is sought. And it undoubtedly has done so.

427 U.S. at 16, 96 S.Ct. at 2421. The assertion of a state law claim of vicarious liability in conjunction with a § 1983 claim has the effect of expanding the scope and coverage of federal law beyond that intended by Congress. The Supreme Court has explicitly ruled that a municipality cannot be sued under § 1983 on a claim of vicarious liability. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Pendent jurisdiction should not be used as a tool to bring into federal court parties whom Congress sought to exclude. *Aldinger, supra. See also, Kerby v. Commodity Resources, Inc.*, 395 F.Supp. 786, 790 (D.Colo.1975) (Pendent

jurisdiction should not be used in an attempt to expand the scope of the remedy provided under federal law.) Thus, I decline to exercise jurisdiction over plaintiff's claims of indirect liability against Denver.

 Plaintiff's claim that the city was negligent in its hiring and supervision of its police officers derives from facts separate and distinct from those relating to the actions of the officers themselves. Inquiry into the personnel practices of the city is relevant to the city's liability, but is unrelated to the liability of Phelan and Black. Thus, under the threshold test layed out in *Gibbs, supra.*, this court does not have the power to exercise pendent jurisdiction over plaintiff's claims of direct liability against the city.

While I also find that the state claims asserted against Phelan and Black derive from a similar factual context as plaintiff's section 1983 suit, I decline to exercise pendent jurisdiction over these claims. Several factors compel this conclusion. First, many of the common law claims, particularly outrageous conduct, are not grounded in sure-footed readings of the applicable law by state courts. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. Second, consideration of divergent state claims raised in the context of a section 1983 suit will likely lead to jury confusion. *Id.* at 727, 86 S.Ct. at 1139. Third, the state claims tend to expand the scope of the coverage and remedy provided for under section 1983. *Kerby*, 395 F.Supp. at 790. Fourth, because it "appears that the state issues substantially predominate ... in terms ... of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 726–7, 86 S.Ct. at 1139. Finally, I note that plaintiff could bring this suit in state courts, which, as courts of general jurisdiction, are free to consider all federal and state claims.

It is ORDERED that:

1. plaintiffs motion to amend the pretrial order is granted;

2. the City and County of Denver's motion to dismiss is granted; and

3. *sua sponte*, all pendent state claims asserted against Phelan and Black are dismissed.