Frank P. TREJO, et al., Plaintiffs,

v.

James WATTLES, et al., Defendants.

Civ. A. No. 85–K–191.

United States District Court,
D. Colorado.

Dec. 9, 1985.

---

Theodore S. Halaby, Denver, Colo., for defendants.

Robert Justin Driscoll, Denver, Colo., for plaintiffs.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

On November 19, 1983, defendant Denver Police Officer James Wattles, while acting in the course of his employment, shot and killed decedent Daniel A. Trejo.

Decedent's father, Frank Trejo, brought this civil rights action individually and as executor of his son's estate. Decedent's estate is also a plaintiff in this case. Plaintiffs seek recovery against Officer Wattles; Officer William Carter, Wattles' partner; Federico Pena, Mayor of the City of Denver; Thomas Coogan, Chief of the Denver Police Department; John Simonet, former City Manager of Safety; and the City and County of Denver. Plaintiffs have asserted eight claims for relief against these defendants under state law and 42 U.S.C. §§ 1983, 1985, and 1988. This matter is now before me on defendants' motions for substitution of parties under Fed.R.Civ.P. 25(d)(1) and for partial dismissal under Fed. R.Civ.P. 12(b)(6).

### I. Substitution of Parties

First, defendants seek to substitute J.D. MacFarlane, the current City Manager of Safety, for defendant Simonet, who resigned from that office. Rule 25(d)(1) provides that

[w]hen a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

Under this rule, if Simonet was sued by plaintiffs in his official capacity, defendants' motion would be granted and MacFarlane would be substituted as a defendant. *See Martinez v. Winner,* 771 F.2d 424, 438–439 (10th Cir.1985). It is unclear, however, from the complaint, whether Simonet is sued as an individual, in his official capacity, or both. Until plaintiffs specify as to the capacity in which Simonet is sued, substitution cannot be effected. Accordingly, plaintiffs are hereby ordered to amend their complaint, within twenty days

of the date of this order, to specify the capacity in which Simonet is sued. If in his official capacity, then MacFarlane shall be automatically substituted.

## II. Motion to Dismiss

Second, defendants request dismissal of several of plaintiffs' claims for relief. Specifically, defendants seek to dismiss plaintiffs' wrongful death claim as to defendants Pena, Coogan, Simonet, and the city; plaintiffs' fourth, fifth, sixth, seventh, and eighth claims for relief; and decedent's estate as a party plaintiff.

For defendants to prevail on their motion to dismiss for failure to state claims upon which relief can be granted, it must appear, "beyond doubt that ... plaintiff[s] can prove no set of facts in support of ... [their] claim[s] which would entitle ... [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). "For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff ...." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 594. All facts, as distinguished from conclusory allegations, must be construed in favor of plaintiffs. *See Gardner v. Toilet Goods Ass'n*, 387 U.S. 167, 172, 87 S.Ct. 1526, 1529, 18 L.Ed.2d 704 (1967); *Swanson v. Bixler*, 750 F.2d 810, 812 (10th Cir.1984). Primarily, I must determine whether the allegations stated in plaintiffs' complaint constitute statements of claims under Fed. R.Civ.P. 8(a) which provides for a liberal standard of pleading. So long as plaintiffs may offer evidence to support a legally recognized claim for relief, the motion to dismiss should be denied. *Conley*, 355 U.S. 41, 46–47, 78 S.Ct. 99, 103.

### A. Wrongful Death Claim

Defendants argue, first, that plaintiffs' second claim for relief, which asserts a cause of action under state law for wrongful death, should be dismissed as against Pena, Coogan, Simonet, and the city. Specifically, defendants contend that under Colorado law, Pena, Coogan, and Simonet are immune for their discretionary acts.

Further, it is asserted that the city is immune under the Colorado Governmental Immunity Act, Colo.Rev.Stat. § 24–10–101 *et seq.*

I need not address these contentions, however, because I decline to exercise pendent jurisdiction over this state law claim.

When a federal court's subject matter jurisdiction is based upon a federal question, the court possesses the power to exercise pendent jurisdiction over the state law claims if two conditions are met. First, "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Second, "[t]he state and federal claims must derive from a common nucleus of operative facts, ... such that ... [plaintiffs] would ordinarily be expected to try them all in one judicial proceeding." *Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138.

In the instant case, plaintiffs' claims under §§ 1983 and 1985 for deprivation of various constitutional rights are substantial and are sufficient to confer subject matter jurisdiction. *See Wise v. Bravo*, 666 F.2d 1328, 1331 (10th Cir.1981). Further, plaintiffs' wrongful death claim arises from the same facts as the constitutional claims. Thus, I have the power to exercise pendent jurisdiction under *Gibbs*.

This power is, however, discretionary. *Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139. I decline to exercise pendent jurisdiction over plaintiffs' wrongful death claim because consideration of this claim in conjunction with plaintiffs' civil rights claims may lead to jury confusion. *See Gibbs*, 383 U.S. 715, 727, 86 S.Ct. 1130, 1139. Additionally, this state law claim tends to expand the scope of the coverage and remedy provided for under §§ 1983 and 1985. *See Kerby v. Commodity Resources, Inc.*, 395 F.Supp. 786, 790 (D.Colo. 1975) (pendent jurisdiction should not be used in attempt to expand the scope of the remedy provided under federal law);

*Christensen v. Phelan,* 607 F.Supp. 470, 472–73 (D.Colo.1985). Accordingly, plaintiffs' second claim for relief is dismissed, *sua sponte,* but without prejudice.

### B. Parental Rights

Next, defendants seek dismissal of plaintiffs' fourth, sixth, and seventh claims for relief. In each of these claims, plaintiff Frank Trejo purportedly asserts his own "parental rights" as a basis for causes of action under §§ 1983 and 1985. Defendants argue that these "parental rights" are not protected by the Constitution and thus, are not actionable under § 1983.

■■■ In order to state a claim cognizable under § 1983, plaintiffs must show that they have been deprived of some right secured by the Constitution due to action taken under color of law. 42 U.S.C. § 1983; *Sanchez v. Marquez,* 457 F.Supp. 359, 363 (D.Colo.1978). Further, plaintiffs may only recover for deprivations of their own constitutional rights; not the rights of another. *Jones v. Hildebrandt,* 191 Colo. 1, 550 P.2d 339, 345 (1976), *cert. dismissed,* 432 U.S. 183, 97 S.Ct. 2283, 53 L.Ed.2d 209 (1977); *see also Evain v. Conlisk,* 364 F.Supp. 1188, 1190 (N.D.Ill.1973); *White v. Talboys,* 573 F.Supp. 49, 51 (D.Colo.1983). Trejo contends that defendants' actions deprived him of the following rights purportedly protected by the Constitution:

1) his parental right to his child's continued life;

2) his parental right to have his son be free from physical abuse and death;

3) his parental right to have his son be accorded equal protection of the law;

4) his parental right to have his son freely associate; and

5) his parental right not to have his child taken from him without due process of law.

With the exception of Trejo's right to freely associate with his son, these "parental rights" are not cognizable under § 1983 and must be dismissed. To begin with, most are framed in such a way as to assert decedent's constitutional rights rather than Trejo's personal constitutional rights.

Moreover, these purported "parental rights" have not been shown to be guaranteed by the Constitution. In fact, I have previously held, for example, that "[t]he right to the continued life of an offspring is not a cognizable constitutional claim under § 1983." *White,* 573 F.Supp. 49, 51; *see also Jackson v. Marsh,* 551 F.Supp. 1091, 1094 (D.Colo.1982). Accordingly, these "parental rights" are dismissed as bases for plaintiffs' fourth, sixth, and seventh claims for relief.

■■ Decedents' motion to dismiss is denied, however, with respect to Trejo's alleged "parental right" to have his son freely associate. Construing this statement of right in the light most favorable to plaintiffs, I find that plaintiffs actually allege that Trejo has been deprived by defendants of the constitutional right to associate with his son. It is now established in this circuit that associational rights between parents and their children are protected by the Constitution and that a deprivation of such rights is actionable under § 1983. *See Trujillo v. Board of County Commissioners of Sante Fe,* 768 F.2d 1186 (10th Cir. 1985); *see also Kelson v. City of Springfield,* 767 F.2d 651 (9th Cir.1985). The complaint must, however, include "an allegation of intent to interfere with a particular relationship protected by the freedom of intimate association ... to state a claim under section 1983." *Trujillo,* 768 F.2d 1186, 1190. With respect to this requirement, the Tenth Circuit stated in *Trujillo* that

[i]n this case, the Trujillos' complaint does not allege intent on the part of defendants to deprive them of their protected relationship with their son and brother, Richard Trujillo. Although the complaint alleges intent with respect to Richard's rights, this intent may not be transferred to establish intent to deprive his mother and sister of their constitutionally protected rights. The alleged conduct by the State, however improper or unconstitutional with respect to the son, will work an unconstitutional depri-

vation of the freedom of intimate association only if the conduct was directed at that right. Because the Trujillos did not allege such intent, their complaint was properly dismissed for failure to state a constitutional claim.

*Trujillo*, 768 F.2d 1186, 1190.

In the instant case, defendants argue that plaintiffs have failed to meet the above-stated requirement in their complaint. More precisely, defendants contend that "[p]laintiffs have failed to plead both that ... defendants knew of the parent-deceased relationship and that [d]efendants' actions were directed at the *relationship*. between the parents and decendent as opposed to being directed at the decedent himself." With minor variations, in each of the subject claims for relief, plaintiffs allege that defendants' actions

> were willful, wanton, malicious, and done with a willful and wanton disregard for the rights and feelings of the parent of Daniel A. Trejo, constituting conduct involving reckless or callous indifference to the federally protected rights of the parent of decedent, and was motivated by evil motive and intent, rendering said Defendants liable for punitive damages.

Plaintiffs' Complaint, Fourth Claim for Relief ¶ 5 at 6; *see also* Sixth Claim for Relief ¶ 5 at 8; Seventh Claim for Relief ¶ 5 at 9.

Contrary to defendants' assertions, when construed in the light most favorable to plaintiffs, the complaint does allege intent on the part of defendants. Moreover, unlike *Trujillo*, plaintiffs allege intent with respect to Frank Trejo's, rather than just decedent's, constitutional rights. In other words, plaintiffs do not rely on a transferred intent to support their claims for deprivation of Frank Trejo's rights. Since plaintiffs allege conduct and intent directed at those rights, the complaint states constitutional claims. Defendants' motion to dismiss these claims is, therefore, denied. The allegations are conclusory so is impossible to determine how such a constitutional violation could occur. Failure of proof, however, is not grounds for dismissal at this time; it may become grounds for impo-

sition of sanctions pursuant to Fed.R.Civ.P. 11 if no basis in fact exists.

## C. Invidiously Discriminatory Animus

■ Defendants also seek to dismiss plaintiffs' fifth claim for relief, which is brought under § 1985 by decedent against Pena, Coogan, and Simonet. This claim alleges that these defendants conspired to deprive decedent of his constitutional rights. Defendants contend that this claim should be dismissed because plaintiffs have failed to allege any "class-based, invidiously discriminatory animus" as a basis for this claim. Such an allegation is required to maintain an action under § 1985(3). *See Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

■ Although plaintiffs do not allege any class-based, invidiously discriminatory animus in their fifth claim for relief, they do allege in their eighth claim that

> [t]he acts of the [d]efendants as herein alleged resulted in the death of [p]laintiff decedent and are part of a pattern of conduct against Chicano or Hispanic citizens, motivated by racial assaults, and intimidation during social interaction, public meetings, and everyday life during which said [d]efendants, acting under color of law, have denied to various persons the rights, privileges and immunities guaranteed to them by the Constitution and Laws of the United States of America.

Plaintiffs' Complaint, Eighth Claim for Relief ¶ 2 at 10.

Technically, plaintiffs have failed to allege a class-based, invidiously discriminatory animus in connection with their fifth claim for relief. I cannot dismiss this claim, however, because plaintiffs do allege such discrimination in their eighth claim. Nevertheless, plaintiffs are hereby ordered to amend their complaint to specifically allege such discrimination in their fifth claim for relief. Again, I remind plaintiffs of the possible imposition of Rule 11 sanctions.

**998**

#### D. *Monell* Liability

Next, defendants move to dismiss plaintiffs' eighth claim for relief. As discussed above, in this claim, plaintiffs assert that defendants' actions were part of a pattern of conduct against Hispanic citizens and were motivated by racial or ethnic prejudice. Apparently, this claim is brought under § 1983 and *Monell v. Department of Social Services of New York City*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Defendants contend that, because *Monell* liability only extends to municipalities, all defendants except the city should be dismissed from this claim. Additionally, defendants argue that the city should be dismissed from this claim because plaintiffs allege no factual basis for the claim.

I need not examine these arguments in depth because I find that plaintiffs have not made any factual allegations regarding this claim. A bare allegation that defendants' actions were part of a pattern of conduct against Hispanic citizens is insufficient to state a claim under *Monell. See, e.g., Espinoza v. O'Dell*, 633 P.2d 455, 466–67 (Colo.1981). Accordingly, defendants' motion to dismiss this claim is granted. Plaintiffs' eighth claim is dismissed, but without prejudice. Plaintiffs may amend their complaint, realleging this claim with sufficiency if they have facts to support such a claim.

#### E. Decedent's Estate

Finally, defendants move to dismiss decedent's estate as a plaintiff in this case. Defendants argue that, under 42 U.S.C. § 1988, state statutory law fills deficiencies in federal law and that Colorado law permits only the personal representative of the estate, rather than the estate itself, to bring an action for the estate.

I agree that state law controls on this issue. *See, e.g., Sanchez*, 457 F.Supp. 359, 361 (D.Colo.1978). Under Colorado law, "[t]he personal representative 'owns the action for the benefit of the estate.'" *Espinoza*, 633 P.2d 455, 466, *quoting Salazar v. Dowd*, 256 F.Supp. 220, 223 (D.Colo.

1966). It is the personal representative, rather than the estate, who is the proper party to bring an action on behalf of the estate. Thus, defendants' motion to dismiss the estate as a plaintiff is granted.

IT IS THEREFORE ORDERED THAT;

1. Plaintiffs shall amend their complaint, specifying the capacity in which defendant Simonet is being sued with respect to each claim against him.

2. Plaintiffs' second claim for wrongful death is dismissed *sua sponte*.

3. Defendants' motion to dismiss is granted in part and denied in part. Each of plaintiffs' parental rights is dismissed except for the right to associate. Plaintiffs may amend their fifth claim with respect to allegations of discrimination. Plaintiffs' eighth claim for relief is dismissed without prejudice.

4. Decedent's estate is dismissed as a party plaintiff.