**James WHITE, et al., Plaintiffs,**

**v.**

**William TALBOYS, et al., Defendants.**

**Civ. A. No. 83–K–142.**

United States District Court,
D. Colorado.

March 19, 1986.

Jon L. Holm and Steven A. Christensen, Denver, Colo., for plaintiffs.

Theodors S. Halaby, Denver, Colo., for William Talboys.

Marc F. Colin, Bruno & Bruno, Lakewood, Colo., and Patrick E. Kowaleski, Aurora, Colo., for Ben Blake and City of Aurora.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

On November 19, 1982, defendant Aurora Police Officer William Talboys, while acting in the course of his employment, shot and killed decedent Vance White. Decedent's parents, plaintiffs James and Nola White, brought this action in their individual capacities as well as co-representatives of decedent's estate. In their amended complaint, plaintiffs assert claims under 42 U.S.C. § 1983 for deprivation of their parental rights and decedent's constitutional rights. Plaintiffs also assert a pendent state claim for outrageous conduct. Monetary damages are sought against Talboys, Aurora Police Chief Ben Blake, and the City of Aurora.

This matter is now before me on Talboys' motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state claims upon which relief can be granted. Talboys contends that plaintiffs' claims for deprivation of their parental rights and for outrageous conduct must be dismissed because plaintiffs have failed to allege the requisite intent for these claims. Additionally, Talboys argues that I should decline to exercise pendent jurisdiction over the outrageous conduct claim. Before I consider these arguments, I shall set forth the applicable standards for decision.

### I. STANDARDS FOR DECISION

For Talboys to prevail on his motion to dismiss for failure to state claims upon which relief can be granted, it must appear, "beyond doubt that ... plaintiff[s] can prove no set of facts in support of ...

[their] claim[s] which would entitle ... [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). "For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff[s]. . . ." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 594. Primarily, I must determine whether the allegations stated in plaintiffs' amended complaint constitute statements of claims under Fed.R.Civ.P. 8(a) which provides for a liberal standard of pleading. So long as plaintiffs may offer evidence to support a legally recognized claim for relief, the motion to dismiss should be denied. *Conley*, 355 U.S. 41, 46–47, 78 S.Ct. 99, 102–03.

With these standards in mind, I now turn to consider Talboys' asserted grounds for dismissal of claims.

## II. PARENTAL RIGHTS

First, Talboys seeks dismissal of plaintiffs' first and sixth claims for relief. In both of these claims, plaintiffs assert their own "parental rights" as a basis for causes of action under § 1983. Specifically, plaintiffs allege that defendants deprived them of their right to associate with decedent by taking his life. Talboys concedes that such a right of familial association is protected by the Constitution as a liberty interest. *See Trujillo v. Board of County Commissioners*, 768 F.2d 1186, 1189 (10th Cir. 1985); *Trejo v. Wattles*, 636 F.Supp. 992, 996, (D.Colo.1985). Talboys asserts, however, that these claims must be dismissed because plaintiffs failed to allege that he intended to interfere with the parent/child relationship and their right to associate.

It is well-established that the complaint must include "an allegation of intent to interfere with a particular relationship protected by the freedom of intimate association ... to state a claim under section 1983." *Trujillo*, 768 F.2d 1186, 1190; *see also Trejo*, at 996. Examination of the amended complaint in this case reveals that plaintiffs allege that Talboys acted reckless-

ly, with deliberate indifference and complete disregard for their rights, *see* Third Amended Complaint ¶ 17 at 3 and ¶ 58 at 9, including their right freely to associate with their son. *Id.* ¶ 20 at 3. Plaintiffs maintain, that these allegations are sufficient to satisfy the intent requirement. In *Trejo*, for example, the plaintiff alleged that the defendants' actions

> were willful, wanton, malicious, and done with a willful and wanton disregard for the rights and feelings of the parent of Daniel A. Trejo, constituting conduct involving reckless or callous indifference to the federally protected rights of the parent of decedent, and was motivated by evil motive and intent, rendering said Defendants liable for punitive damages.

*Trejo*, at 997. I found that this statement, when construed in the light most favorable to the plaintiff, constituted an allegation of intent to deprive the plaintiff of his right freely to associate with his son. *Id.* The allegations of intent in the instant case are basically the same as those in *Trejo*. Further, it does not appear beyond doubt that plaintiffs can prove no set of facts in support of these claims. Thus, Talboys' motion to dismiss is denied with respect to plaintiffs' first and sixth claims for relief.

## III. OUTRAGEOUS CONDUCT

Talboys also contends that plaintiffs' outrageous conduct claim must be dismissed because plaintiffs failed to allege that he intended to cause them severe emotional distress. I need not address this contention, however, because I decline to exercise pendent jurisdiction over this state law claim.

When a federal court's subject matter jurisdiction is based upon a federal question, the court possesses the power to exercise pendent jurisdiction over the state law claims if two conditions are met. First, "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d

218 (1966). Second, "[t]he state and federal claims must derive from a common nucleus of operative facts, ... such that ... [plaintiffs] would ordinarily be expected to try them all in one proceeding." *Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138.

■ In the instant case, plaintiffs' claims under § 1983 for deprivation of various constitutional rights are substantial and are sufficient to confer subject matter jurisdiction. *See Wise v. Bravo*, 666 F.2d 1328, 1331 (10th Cir.1981). Further, plaintiffs' outrageous conduct claim arises from the same facts as the constitutional claims. Thus, I have the power to exercise pendent jurisdiction in this case under *Gibbs*.

This power is, however, discretionary. *Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139. I decline to exercise pendent jurisdiction over plaintiffs' outrageous conduct claim because consideration of this claim in conjunction with plaintiffs' civil rights claims may lead to jury confusion. *See Gibbs*, 383 U.S. 715, 727, 86 S.Ct. 1130, 1139. Further, this state law claim tends to expand the scope of the coverage and remedy provided for under § 1983. *See Kerby v. Commodity Resources, Inc.*, 395 F.Supp. 786, 790 (D.Colo.1975); *Christensen v. Phelan*, 607 F.Supp. 470, 472–73 (D.Colo.1985). Accordingly, plaintiffs' fourth claim for relief is dismissed.

IT IS THEREFORE ORDERED THAT:

1. Defendant Talboys' motion to dismiss is granted in part and denied in part.

2. Plaintiffs' fourth claim for relief for outrageous conduct is dismissed.