Lurenda L. **KERBY** and Joanne D. Barbour, Plaintiffs,

v.

**COMMODITY RESOURCES INCORPORATED,** a Delaware Corporation, et al., Defendants.

Civ. A. No. 74–M–993.

United States District Court, D. Colorado.

June 19, 1975.

---

7. See footnote 3, *supra.*

Matthew J. Zale, Feder & Morris, P.C., Denver, Colo., for plaintiffs.

Paul H. Metzinger, Nelson, Harding, Marchetti, Leonard & Tate, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

The factual allegations of this complaint are that the plaintiffs, both young widows, entrusted defendant Jerry L. Wallingford with knowledge of their financial affairs because of his long standing social and business acquaintance with Joanne D. Barbour. Mr. Wallingford is said to be the president, treasurer and principal stockholder of defendant Commodity Resources Incorporated (CRI) and president, director and shareholder of the defendant Agri-Land Management Corporation (AGRI-LAND). Defendant California Park is alleged to be a joint venture in which CRI owns a 50% interest.

The contention is that the plaintiffs invested $30,000. upon Mr. Wallingford's representation that the money would be used by CRI to develop a recreational facility at a ranch in Carbon County, Wyoming and Routt County, Colorado, known as the L-O-N Ranch. It is claimed that the defendants represented that a limited partnership would be created to sell undivided interests in the property together with memberships in a recreational club. Other representations claimed to have induced this investment are that CRI owned the property and that it would proceed with the development promptly, including a registration with the Securities and Exchange Commission for a public offering of units in the real estate development. It is also claimed that the plaintiffs were promised participation in the units offered to the public or $20,000. cash in addition to the recovery of their investment with interest within one year.

The plaintiffs alleged that they were not told that CRI had agreed to place legal title to the ranch in California Park; that the defendants did not create a limited partnership to develop the property; that they did not create a recreational club; that they did not proceed with the SEC registration and that, excepting for $1,000., the plaintiffs have not recovered their investment. It is also claimed that CRI had raised equity capital through a regulation A offering of common stock in January of 1972 upon the representation that its business activities would be limited to trading in commodity futures contracts.

Upon these allegations the plaintiffs seek recovery in four claims for relief. The first of these contends that the defendants' acts constituted a fraud and deceit in violation of § 10(b) of the Securities and Exchange Act of 1934, as amended, (15 U.S.C. § 78j(b)) and S.E.C. Rule 10b–5 (17 C.F.R. § 240.10b–5) for which judgment is sought for $29,000. as the amount of the investment not repaid plus $20,000. as the value of the property promised to plaintiffs, together with interest and reasonable attorney's fees.

The second claim made on these facts is that the conduct of defendants constituted common law fraud done willfully, maliciously and wantonly for which plaintiffs seek $49,000. as actual damages together with interest, reasonable attorney's fees, exemplary damages of $30,000. and body execution.

In their third claim for relief the plaintiffs assert that the defendants violated the Colorado Securities Act for which they seek to recover actual damages of $49,000. with interest, costs and reasonable attorney's fees.

The premise of the fourth claim for relief is that the plaintiffs' investment was made in the form of a promissory note and loan agreement which the defendants breached and for which judgment should be entered for $29,000. as unpaid principal, adding interest according to the note, plus $20,000. as the value of the promised property interest together with reasonable attorney's fees and court costs.

■ The defendants moved to dismiss the complaint because the only claim for relief within the jurisdiction of this court is that based upon the Securities and Exchange Act of 1934 and Rule 10b–5 which, the defendants argue, has not been pleaded properly because of the failure to allege any specific use of the mails or instrumentalities of interstate commerce. While it will, of course, be required that plaintiffs prove a sufficient connection with interstate commerce or use of the mails to establish jurisdiction at trial, under familiar principles of notice pleading it is not required that the complaint be specific in this regard. That view is expressed as dictum at Page 378 of the opinion of the Tenth Circuit Court of Appeals in *Stevens v. Vowell*, 343 F.2d 374 (10th Cir. 1965).

■ The defendants also argue the inadequacy of the first claim for relief because it is said to omit sufficient allegations of scienter. There is no merit in that contention. While there is uncertainty in this circuit as to what is required to prove a claim, the complaint alleges that these defendants acted with knowledge of the falsity of their representations or with reckless disregard for their truth and that is sufficient under the most restrictive view. *Clegg v. Conk*, 507 F.2d 1351 (10th Cir. 1974).[1]

It is concluded, then, that the defendants' motion to dismiss the first claim for relief must be denied.

There is no independent jurisdictional base for the other claims for relief alleged in this complaint. Accordingly, the litigation of those claims in this Court is dependent upon the application of the doctrine of pendent jurisdiction.

■ Since the decision in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) it has been settled law that federal courts have the power to hear state claims which derive from a common nucleus of operative fact with the federal claim. There is such a nexus in this case.

It is also clear from *Gibbs* and subsequent cases that the exercise of such power is a matter within the discretion of the trial court. *Rosado v. Wyman*, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

■ These cited cases suggest several criteria to be considered in the exercise of that discretion. The plaintiffs strongly urge that because a refusal to exercise pendent jurisdiction of the state claims here will result in additional litigation in the state court, judicial economy and convenience to the parties compel the denial of this motion to dismiss. I disagree. The determination of the matter of judicial economy is not to be made on so simplistic a basis as the avoidance of another action in another court at

1. After an exhaustive analysis of prior decisions in the Tenth Circuit, Judge Christensen concluded: "From their common principles and applications may be deduced the propositions that there is required something additional by way of scienter or conscious fault than mere negligence, and something more by way of reliance or causation in fact than some abstract wrong expending its force entirely upon itself." (*Id.*, at 1361, footnotes omitted).

another time. The quality of litigation is as important as the quantity of cases. Moreover, the issue of convenience of the parties means not only convenience to the plaintiff, but the convenience of the defendants as well.

In the opinion deciding the very recent case of *Blue Chip Stamps v. Manor Drug Stores,* —— U.S. ——, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), the Supreme Court observed that there is a considerable potential for vexatious litigation in securities suits if plaintiffs are permitted to proceed on hazy issues with vague theories of liability. In that opinion the Court has reminded us that the Securities Act of 1933 and the Securities and Exchange Act of 1934 were carefully drafted to achieve particular purposes.

While the federal courts have created causes of action based upon violations of Section 10(b) of the Securities and Exchange Act and Rule 10b–5 promulgated thereunder, these private remedies are a part of the enforcement mechanism of the Federal statute. After a careful analysis, the Tenth Circuit has identified a number of potential problems involved in the allowance of punitive damages in these actions and concluded that such an award is not available under Rule 10b–5. *de Haas v. Empire Petroleum,* 435 F.2d 1223 (10th Cir. 1970).

In *Alyeska Pipeline Service v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), the Supreme Court ruled that a trial court should consider awarding attorney's fees only when expressly provided by statute. In *Young v. Taylor,* 466 F.2d 1329 (10th Cir. 1972) the Tenth Circuit impliedly recognized that there can be no recovery of attorney's fees in a 10b–5 case.

■ These limitations on the federal securities law claim may well be the motivating reason for the type of joinder of claims made in this complaint and which has become typical in this kind of litigation. Such an apparent attempt to expand the scope of the remedy is a reason to reject these pendent claims in

recognition of the limited role of the federal law and the federal courts.

Another consideration involved in the exercise of pendent jurisdiction is whether it would involve an unsettled area of state law. The Colorado Securities Act has not been the subject of a single reported decision by the Colorado courts. One section relied upon in the plaintiffs' third claim for relief, C.R.S. § 11–51–123 (1973), appears to be the analogue of § 10(b) of the Securities and Exchange Act. They are alike in their proscriptions of fraudulent conduct and in the fact that neither statute explicitly creates a private cause of action. It cannot be presumed that the courts in Colorado will follow the federal courts in finding the kind of liability claimed here and it is not the proper function of this Court to set such a course in this area of state law. Assuming that such a claim may exist, there is a further unknown in the question of attorney's fees because the only mention of the award of fees in the Colorado securities legislation is in C.R.S. § 11–51–125 (1973) which appears to be the analogue of § 12 of the Securities Act of 1933, creating a cause of action only for the recovery of the consideration paid for the security.

A demand for jury trial accompanied the complaint in this action. The likelihood of jury confusion is another criterion for evaluating pendent claims. To combine instructions on liability under common law fraud, breach of contract, Colorado Securities Act and the federal securities claims with the mixture of the measures of damages applicable under those different theories of recovery would so complicate the jury charge as to make it incomprehensible. That alone is a sufficient reason to deny the exercise of pendent jurisdiction.

■ In sum, it is my view that litigation brought under the federal securities laws in the federal court should be limited to the claims for relief provided under those laws and that state claims should remain in the state courts in the

absence of a showing of unfairness to the parties.

■ The defendants have challenged the standing of Joanne D. Barbour because she is not a payee on the note or a party to the loan agreement. That would, perhaps, be a significant question on the state claims; but, the factual allegations of the first claim for relief are adequate to place her in a position of an investor and purchaser if this note is determined to be a security under the broad definition in *Zabriskie v. Lewis*, 507 F.2d 546 (10th Cir. 1974).

■ The defendants urge dismissal of the first claim for relief because there is no allegation of the date of discovery of the alleged fraud and it is not, therefore, possible to determine whether suit has been timely filed. The bar of a statute of limitations is an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure and it is more appropriate to raise any such issue in the defendants' answer than through a motion to dismiss.

■ A motion to require plaintiffs to file a bond or undertaking for costs under local rule 14 was also filed by the defendants. The only statement made to support that motion is that the defendants are minimally capitalized companies or persons who may find the costs of their defense to be excessive and harsh and that there is no merit in the complaint. Both plaintiffs allege that they are residents of Colorado and there is nothing to indicate that they are unable to pay such costs as could foreseeably be awarded if they lose this lawsuit. There is no need for a cost bond shown at this time.

Upon the foregoing, it is

Ordered that the defendants' motion to dismiss is denied as to the first claim for relief and granted as to the second, third and fourth claims for relief, and the motion to require a cost bond is denied.