Florabelle **COFFEY**, Plaintiff,

v.

**DEAN WITTER REYNOLDS, INC.,** a Delaware corporation; and **Jeffrey Hines,** an individual.

**Civ. A. No. 85–K–2256.**

United States District Court, D. Colorado.

July 16, 1986.

Richard K. Rufner, Makaroff & Rufner, Denver, Colo., for plaintiff.

William G. Imig, Neal S. Cohen, Ireland, Stapleton, Pryor & Pascoe, P.C., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

On April 28, 1983, plaintiff Florabelle Coffey opened a commodities futures account, # 47697-4, with defendants Dean Witter Reynolds, Inc. and Jeffrey Hines. On September 4, 1984, plaintiff opened a stock trading account, # 053343, with defendants. She now brings suit against defendants alleging (1) violation of Section 10b of the Securities Exchange Act of 1934 [15 U.S.C. § 78j] and Rule 10b–5 [17 C.F.R. § 240.10b–5]; (2) breach of fiduciary duties; (3) negligence; (4) violation of the Colorado Securities Act, 1973 C.R.S. §§ 11–51–123 and 11–51–125(2); (5) intentional infliction of emotional distress; and (6) negligent supervision. She asserts defendants' alleged conduct was attended by circumstances of fraud, malice or insult, intentional misconduct, or a wanton and reckless disregard of her rights and feelings so as to merit an award of punitive damages. These claims are all brought with respect to the stock trading account only.

In regard to the federal securities claim, jurisdiction lies under 15 U.S.C. § 78a et seq. and 28 U.S.C. § 1331. Jurisdiction over the remaining state or statutory common law claims is invoked pursuant to the doctrine of pendent jurisdiction.[1] Venue is proper under 28 U.S.C. § 1391(b).

This matter is now before me on defendants' motion to dismiss plaintiffs' state claims pursuant to Fed.R.Civ.P. 12(b)(1) and for an order compelling arbitration and staying disposition of the federal securities claim pursuant to 9 U.S.C. §§ 3 and 4, (The Arbitration Act). For the reasons set forth below, I deny arbitration and dismiss plaintiff's state law claims.

*Motion to Compel Arbitration/Stay*

The commodities futures account contains, *inter alia*, the following provisions:

16. Any controversy between [Dean Witter] and the undersigned arising out of or relating to this Contract or the breach thereof, shall be settled by arbitration, in accordance with the rules, then obtaining, of either the Aribitration Committee of the Chamber of Commerce of the State of New York, or the American Arbitration Association, or the Board of Arbitration of the New York Stock Exchange, as the undersigned may elect . . .

17. This agreement and its enforcement shall be governed by the laws of the State of New York and its provisions shall be continuous; shall cover individually and collectively all accounts which the undersigned may open or re-open with [Dean Witter] . . .

The stock account is void of reference to arbitration.

Defendants contend that the commodities account arbitration clause is a valid agreement to arbitrate disputes arising under

---

1. While plaintiff's complaint also asserts the parties' diversity of citizenship as grounds for jurisdiction under 28 U.S.C. § 1332, she fails to allege her own citizenship or that of defendant Hines. She has not therefore, set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends" as required by Fed.R.Civ.P. 8(a)(1). Defendants specifically raise this point in their brief supporting the instant motion. They claim that plaintiff and defendant Hines are, in fact, both citizens of Colorado. This assertion is inferentially supported by the complaint which states that plaintiff is a Colorado resident and that Defendant Hines is an employee of Dean Witter in its downtown Denver office. Further, in her defense to this motion plaintiff appears to have abandoned diversity as a jurisdictional basis of her state claims, arguing only for discretionary pendent jurisdiction.

the stock account.[2] Defendants argue that, considered with federal statutes and policy favoring arbitration, the arbitration clause requires me to compel arbitration and stay this suit.

Federal policy favoring arbitration is reflected in the federal Arbitration Act, 9 U.S.C. §§ 1–14, which provides in § 2 that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon which grounds as exist at law or in equity for the revocation of any contract". Section 3 of the Act provides that in the absence of default by a party seeking arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement". Section 4 of the Act provides that if a party refuses to arbitrate in contravention of a written agreement, the court "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement".

Notwithstanding the seemingly mandatory language of the Arbitration Act, judicial exceptions have been carved out of its applicability to claims brought under the federal securities laws. In *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the United States Supreme Court held that a pre-dispute agreement to arbitrate claims arising under the Securities Act of 1933, 15 U.S.C. § 77l(2) is unenforceable. Section 22 of the '33 Act, 15 U.S.C. § 77v, affords the federal securities plaintiff resolution of his claim by a federal judicial forum, with a broad choice of venue and concomittant nationwide service. Section 14 of the '33 Act, 15 U.S.C. § 77n holds that "[a]ny condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this subchapter or of rules and regulations of the commission shall be void". The *Wilko* court considered the arbitration agreement to be a "stipulation" which was "void" as it attempted to "waive" compliance with the "provision" affording the federal securities plaintiff access to the federal courts.

The rationale behind the *Wilko* courts' subordination of the Arbitration Act to the Securities Act of 1933 was that the latter was extraordinary legislation protecting disadvantaged securities purchasers which could be entirely circumvented if arbitration clauses would be given effect.

Employing the notion that the securities laws protect a purchaser in a market historically rife with abuses, courts since *Wilko* have expanded the *Wilko* doctrine to actions, such as the present one, under the Securities Exchange Act of 1934. In *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Moore,* 590 F.2d 823 (10th Cir.1978), the 10th Circuit Court of Appeals held that arbitration agreements in cases involving § 10 and Rule 10b–5 of the '34 Act are void as they seek to waive the jurisdictional provisions of that Act.

Defendants rely on Justice White's solo concurrence in *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 1244, 84 L.Ed 2d 158 (1985), to assert that the continued viability of the 10th Circuit's extension of *Wilko* to '34 Act claims in *Moore* is "a matter of substantial doubt".[3] Justice White's dicta is not law. The unanimous majority specifically declined to address the arbitrability of '34 Act claims. Until the majority of the Court decides this issue I am bound by the decision in *Moore.*

---

**2.** Plaintiffs contend that the arbitration clause of the commodities account is not applicable to the stock account, notwithstanding language to the opposite effect in the commodities account agreement. Because I hold that the federal securities claim is not arbitrable, in any event, I need not address this issue.

**3.** In *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed 2d 158 (1985) the Supreme Court rejected the "doctrine of intertwining". Before *Byrd* some jurisdictions held that when arbitrable and non-arbitrable claims arise out of the same transaction and are sufficiently intertwined factually and legally the district court in its discretion may deny arbitration of the otherwise arbitrable pendent state claims and try all the claims together in federal court. Because I decline to exercise pendent jurisdiction of the state claims, the *Byrd* court's guidance as to the arbitrability of such claims is of no present import.

Accordingly, the portion of defendants' motion seeking an order compelling arbitration of the plaintiff's federal claims arising under the '34 Act is hereby denied.[4]

*Motion to Dismiss Pendent Claims*

Defendants contend that this court should deny its discretionary exercise of pendent jurisdiction over plaintiff's state law claims as there is no independent federal jurisdiction.

The doctrine of pendent jurisdiction permits a district court to decide all questions that the case presents. The Supreme Court in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) ruled that the power to entertain pendent claims exists when the state and federal claims "derive from a common nucleus of operative fact". *See, Hackbart v. Cincinnati Bengals*, 601 F.2d 516 (10th Cir.1979) *cert. denied* 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 188. The doctrine is discretionary and not a matter of right. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139.

For the reasons detailed by Judge Matsch in *Kerby v. Commodity Resources, Inc.*, 395 F.Supp. 786 (D.Colo.1975), I decline pendent jurisdiction of all state law claims. Assertion of such claims in the context of this suit only serves to expand improperly the coverage and remedies provided under federal securities laws. Moreover, submission of similar but distinct state and federal securities statutes will tend to confuse a jury. The convenience of plaintiff, *see Noland V. Gurley*, 566 F.Supp 210, 219 (D.Colo.1983), is insufficient to militate in favor of pendent jurisdiction. Accordingly, defendants' motion to dismiss plaintiff's state law claims, Counts 2 through 6, is granted.

It is hereby ORDERED that defendants' motion to

1) compel arbitration and stay this suit is denied; and

2) dismiss plaintiff's pendent claims is granted.

It is FURTHER ORDERED that the parties shall complete discovery by October 15, 1986 and shall submit a stipulated pre-trial order by November 15, 1986.

---

**4.** Plaintiff's argue that ¶ 2 of the *Customer's Agreement*, Security Exchange Act Release no. 15 984, July 2, 1979 and S.E.C. Rule 15c2–2 operate so as to preclude enforceability of the arbitration clause. *I need not address this argument, as I find compelling arbitration of the 10b–5 claim prohibited by the Moore extension of the Wilko doctrine.*