**Gerry SAMUEL, Plaintiff,**

v.

**PACE MEMBERSHIP, INC.; Henry W. Haimsohn; Bruce C. Lindstrom; Wayne H. Patterson; Charles E. Steinbrueck; T. James Vaughan; and Richard J. Smeltz, Defendants.**

**Civ. A. No. 86–C–2384.**

United States District Court, D. Colorado.

June 15, 1988.

James A. Shpall, Wolf & Slatkin, Denver, Colo., Sherrie Brown, Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff.

William E. Murane, Holly S. Stein, Holland & Hart, Denver, Colo., for defendants.

## ORDER

CARRIGAN, District Judge.

Plaintiff has filed this class action against Pace Membership Warehouse, Inc. ("Pace") and its corporate officers asserting claims on behalf of all shareholders who purchased Pace stock during the period of June 2, 1986 through July 15, 1986. Generally, the complaint alleges that Pace and its officers made a series of false and misleading public announcements designed to inflate the stock price and deceive investors. Plaintiff asserts a claim for misrepresentations and omissions under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, (17 C.F.R. § 240.10(b)(5)), (First Claim); and pendent state claims for fraud and deceit (Second Claim) and negligent misrepresentation (Third Claim). Jurisdiction is asserted under the 1934 Securities Exchange Act and pendent jurisdiction.

Defendants have moved to dismiss the complaint, asserting that plaintiff has failed to plead fraud with particularity as to the First Claim, and that I should decline to exercise pendent jurisdiction over the plaintiff's state claims (Second and Third Claims). Plaintiff has responded by opposing the motions. The parties have fully briefed the issues and oral argument would not assist my decision.

Defendants accurately state that a Rule 10b–5 claim must assert fraud with particularity. Rule 9(b), Fed.R.Civ.P.; *Trussel v. United Underwriters, Ltd.,* 228 F.Supp. 757, 774 (D.Colo.1964). In *Trussell,* Judge Doyle stated that Rule 9(b) requires that the plaintiff identify the circumstances constituting fraud by (1) identifying the particular defendants with whom the plaintiff dealt and from whom the stock was purchased; (2) designating the occasions when affirmative misstatements were made and by whom; and (3) describing the affirmative misstatements directed to the plaintiff and how they were made. *See also, Noland v. Gurley,* 566 F.Supp. 210, 216 (D.Colo.1983).

■ Judge Matsch recently recognized that in certain circumstances, "the identification of corporate defendants without association of specific misstatements with individual officers and/or directors does not violate the pleading requirements of F.R. Civ.P. 9(b)." *In re Storage Technology Corp. Securities Lit.,* 630 F.Supp. 1072, 1076 (D.Colo.1986). Thus, individual identification of defendants is unnecessary if the plaintiff's fraud allegations concern misstatements or omissions in documents such as annual reports that presumably involve the collective actions of corporate directors or officers. *Id.* at 1076–1077. In the *Storage Technology* case, however, the plaintiff did allege the individual defendants and the oral public statements or written representations attributable to them. *Id.* at 1077.

■ With respect to Pace, the corporate defendant, the plaintiff has identified Pace as the seller of the stock, and has identified

the alleged misstatements and when they were made.

As to the other defendants, the plaintiff has conclusively asserted that the senior corporate officers and directors are responsible for issuing the published reports of the corporation. Plaintiff only once, at the beginning of the complaint, has identified the individual corporate directors and officers, but he has failed to set forth the specific misstatements attributable to these individual defendants.

Paragraphs 19 through 28 of the complaint describe the series of public announcements on which the plaintiff's action is based. Paragraph 19 alleges that on April 22, 1986, Pace announced the opening of several warehouses during fiscal year 1986, and further alleges that the announcement was contained in Pace's April 22, 1986 prospectus and the Wall Street Journal. The date of the newspaper article is not given. Paragraphs 20 through 27 describe other "public" announcements, their dates and their content, but the plaintiff does not identify their source, i.e., whether they were issued in corporate documents such as annual reports, or through newspaper articles or other publications. In other words, the complaint is deficient because it does not assert how the alleged misstatements were made or how they were directed to the plaintiff.

I find and conclude that the plaintiff's First Claim must be dismissed for failure to satisfy the requirements of Rule 9(b). Defendants' motions to dismiss the First Claim are granted and the First Claim is dismissed without prejudice.

Defendants next argue that this court should decline to exercise pendent jurisdiction over the plaintiff's state and common law claims (Second and Third Claims). The exercise of pendent jurisdiction in federal securities cases is often inappropriate. Relying on the reasons advanced by Judge Matsch in *Kerby v. Commodity Resources, Inc.*, 395 F.Supp. 786 (D.Colo.1975) and the rationale I applied in *Ritter v. Colorado Interstate Gas Co.*, 593 F.Supp. 1279 (D.Colo.1984), I decline to exercise my discretionary power to take pendent jurisdiction over the plaintiffs' state and common law claims. Defendants' motions to dismiss are granted and the plaintiffs' Second and Third Claims are dismissed without prejudice to the plaintiff's right to assert them in state court.

I note that the plaintiff has recently filed a motion for class certification. This motion is denied as moot.

Accordingly, it is ORDERED that

(1) The motion to dismiss filed by the defendant Pace Membership Warehouse, Inc. is granted;

(2) The motion to dismiss filed by the individual corporate defendants is granted;

(3) Plaintiff's First Claim is dismissed without prejudice;

(4) Plaintiff's Second and Third Claims, the pendent state claims, are dismissed without prejudice to the plaintiff's right to assert them in state court;

(5) Plaintiff's motion for class certification is denied as moot;

(6) Plaintiff's complaint and action are dismissed.