Fred H. AYERS, et al., Plaintiffs,

v.

Rhett D. SPEER, Defendant.

No. 89–C–394.

United States District Court, D. Colorado.

Sept. 11, 1989.

Michael H. Bynum, Boulder, Colo., for plaintiffs.

James M. Hult, Boulder, Colo., for defendant.

## ORDER

CARRIGAN, District Judge.

Plaintiffs Fred H. Ayers and BCBR, Inc., a Colorado corporation, have sued the defendant Rhett D. Speer asserting claims for federal securities violations and pendent state claims. The gist of the complaint is that the defendant Speer induced the plaintiff Ayers through false representations to invest in the plaintiff BCBR, Inc. by purchasing convertible debentures and then misappropriating the invested funds. Defendant is the former president of the plaintiff BCBR, Inc., previously known as Strategic Assessments, Inc. According to the complaint, the plaintiff Ayers has become the sole shareholder of the plaintiff BCBR, Inc.

Plaintiffs asserts claims under the federal securities laws for alleged violations of § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77$l$ (2) (Third Claim); and Rule 10b–5, promulgated under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), (Fourth Claim); and state law claims for breach of contract (First Claim); fraudulent representations (Second Claim); fraudulent sale of a security in violation of Colo.Rev.Stat. § 11–51–125(2) and (3) (Fifth and Sixth Claims); and breach of fiduciary obligations (Seventh Claim). Defendant has filed a motion to dismiss all claims. Plaintiffs have responded by opposing the motion.

The parties have fully briefed the issues and oral argument would not facilitate my decision. Jurisdiction is based on 28 U.S.C. § 1331, 15 U.S.C. §§ 77v(a) and 78aa, and pendent jurisdiction.

Defendant first contends that the court should decline to exercise pendent jurisdiction over the plaintiffs' state claims. I have stated on several occasions that the exercise of pendent jurisdiction in federal securities cases often is inappropriate. Relying on the reasons advanced in *Kerby v. Commodity Resources, Inc.*, 395 F.Supp. 786 (D.Colo.1975) and the rationale I applied in *Ritter v. Colorado Interstate Gas Co.*, 593 F.Supp. 1279 (D.Colo.1984), I decline to exercise my discretionary power to take pendent jurisdiction over the plaintiffs' state law claims. Defendant's motion to dismiss the pendent state claims is granted and the First, Second, Fifth, Sixth and Seventh Claims are dismissed without prejudice to the plaintiffs' right to reassert those claims in state court.

Defendant next contends that the claims for federal securities law violations (Third and Fourth Claims) should be dismissed because they do not allege the use of any means or instruments of interstate commerce or of the mails. A similar contention was considered and rejected in *Kerby v. Commodity Resources, Inc., supra,* regarding a Rule 10b–5 claim. There Judge Richard P. Matsch of this court stated as follows:

"While it will, of course, be required that plaintiffs prove a sufficient connection with interstate commerce or use of the mails to establish jurisdiction at trial, under familiar principles of notice pleading it is not required that the complaint be specific in this regard. That view is expressed as dictum at Page 378 of the opinion of the Tenth Circuit Court of Appeals in *Stevens v. Vowell*, 343 F.2d 374 (10th Cir.1965)." *Id.* 395 F.Supp. at 789.

Defendant's motion to dismiss the Third and Fourth Claims for the plaintiffs' failure to plead use of the mails or instrumentalities of interstate commerce in connection with their federal securities claims is denied.

**962**

Defendant last argues that the plaintiffs' § 12(2) claim (Third Claim) should be dismissed because it is barred by the one-year limitations period set forth in § 13 [15 U.S.C. § 77m] of the Securities Act of 1933. Section 13 provides that actions under § 12(2) must be filed within one year after discovery of the allegedly untrue statement or omission, or after such discovery should have been made with the exercise of reasonable diligence. Section 13 further provides an outer limit of three years after the security is either sold, or offered to the public for sale, for filing the action.

Defendant asserts that the plaintiffs have alleged that the first sale of a security occurred January 10, 1985, and the last sale occurred January 29, 1987. Verified Complaint at para. 8. Plaintiffs filed suit on March 9, 1989.

In response, the plaintiffs emphasize that they have alleged in their complaint that the plaintiff Ayers' access to BCBR, Inc.'s financial records first occurred after August 30, 1988. It was not until a review of those records that he discovered the alleged misrepresentations. Verified Complaint, para. 17–18. In addition, the complaint alleges that the plaintiff Ayers made several investments totaling $87,000 in the corporation between July 10, 1985 and January 29, 1987. On October 1, 1987, the parties executed a convertible promissory note in the amount of $87,000 that provided that the entire principal amount could be converted into 900 shares of the corporation's common stock. Plaintiff Ayers subsequently exercised the promissory note's conversion option. Plaintiffs thus take the position that the stock sale occurred October 1, 1987. Verified Complaint, para. 12–13.

I find and conclude that the plaintiffs have pleaded sufficient facts indicating that their action is not barred by the limitations periods set forth in § 13 of the Securities Act of 1933. Defendant's motion to dismiss the plaintiffs' Third Claim is denied.

Accordingly, IT IS ORDERED that:

(1) Defendant's motion to dismiss is granted in part and denied in part;

(2) Defendant's motion to dismiss the plaintiffs' pendent state claims is granted and the First, Second, Fifth, Sixth, and Seventh Claims are dismissed from the complaint and action without prejudice to the plaintiffs' right to reassert those claims in state court; and

(3) Defendant's motion to dismiss the plaintiffs' Third and Fourth Claims based on violation of the federal securities laws is denied.