Florabelle COFFEY, Plaintiff–Appellant,

v.

DEAN WITTER REYNOLDS INC., a Delaware corporation; and Jeffrey Hines, an individual, Defendants–Appellees.

No. 91–1020.

United States Court of Appeals, Tenth Circuit.

April 14, 1992.

Richard K. Rufner (Kitrina J. Anderson with him on the brief), Englewood, Colo., for plaintiff-appellant.

William G. Imig (Neal S. Cohen of Ireland, Stapleton, Pryor & Pascoe, P.C., with him on the brief), Denver, Colo., for defendants-appellees Dean Witter Reynolds Inc. and Jeffrey Hines.

Before BRORBY and McWILLIAMS, Circuit Judges, and ALLEY, District Judge.*

---

* Honorable Wayne E. Alley, United States District Judge for the Western District of Oklahoma, sitting by designation.

McWILLIAMS, Circuit Judge.

This 10b–5 securities case has been in this court three times. Initially, the federal district court denied the defendants' request that plaintiff's federal securities claim be submitted to arbitration. At the same time the federal district court dismissed the plaintiff's pendent state claims. *See Coffey v. Dean Witter Reynolds Inc.,* et al., 640 F.Supp. 874 (D.C.Colo.1986). The defendants took an interlocutory appeal from the district court's ruling that plaintiff's federal securities claim was non-arbitrable. On June 26, 1987, a panel of this court granted the defendants' unopposed motion for immediate remand for reconsideration by the federal district court of its ruling concerning arbitrability in light of an intervening decision of the Supreme Court, i.e., *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). Our No. 86–2074, Coffey v. Dean Witter Reynolds, Inc., et al. (June 26, 1987).

On remand, the same federal district judge who had previously denied defendants' request that plaintiff's federal securities claim be submitted to arbitration, granted the defendants' motion to compel arbitration of Coffey's federal securities claim. The matter was then submitted to an arbitration panel and the panel held for the defendants. A different federal district judge thereafter confirmed the arbitration award and dismissed plaintiff's action. On appeal, another panel of this court reversed the federal district court and held that plaintiff's federal securities claim was not subject to arbitration and remanded the case for further proceedings. *Coffey v. Dean Witter Reynolds Inc.,* et al., 891 F.2d 261 (10th Cir.1989), Baldock, J. concurring in part and dissenting in part, *cert. denied,* —— U.S. ——, 111 S.Ct. 43, 112 L.Ed.2d 20 (1990).

On the second remand of the case, the defendants moved for summary judgment on the basis of collateral estoppel. Still another judge of the federal district court granted the defendants' motion for summary judgment and plaintiff appeals the judgment entered thereon. Additional background facts are necessary to bring the collateral estoppel issue into focus.

On or about October 15, 1985, Florabelle Coffey commenced the present action in the United States District Court for the District of Colorado against Dean Witter Reynolds Inc. and one of its account executives, Jeffrey Hines. Under the heading "General Allegations," Coffey set forth in great detail her dealings with Dean Witter, the gist of which was that she had invested monies with Dean Witter in a managed commodities account and in an investment account and that in connection therewith she had sustained financial loss as a result of Dean Witter's misconduct.

Based on her dealings with Dean Witter, Coffey set forth six claims for relief in her federal proceeding. Specifically, Count 1 was based on Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and SEC Rule 10b–5, 17 C.F.R. § 240.10b–5, promulgated thereunder. Count 2 was a pendent state claim based on Dean Witter's alleged breach of a fiduciary duty. Count 3, also a pendent state claim, was based on Dean Witter's alleged negligence. Count 4 was based on alleged violations of Colorado securities law, Colo.Rev.Stat. §§ 11–51–123 and 11–51–125(2) (1973). Count 5, a state claim, was based on alleged outrageous and intentional misconduct. Count 6, a state claim, was based on Dean Witter's alleged failure to supervise and control its account executive, Jeffrey Hines.

By amended answer, Dean Witter and Jeffrey Hines denied liability and affirmatively alleged, *inter alia,* that Florabelle Coffey's two accounts were actually joint accounts with her husband, Irving Coffey, in connection with which each had full trading authority, and that all actions taken by Dean Witter in connection with those two accounts were pursuant to instructions given it by Irving Coffey.[1] Dean Witter fur-

---

**1.** Dean Witter also filed a third party complaint against Irving Coffey, which was dismissed when the federal district court ultimately dismissed Florabelle Coffey's action against Dean Witter.

ther filed a motion to dismiss or stay the case pending arbitration.

As indicated above, the federal district court concluded that Coffey's federal securities claim was not subject to the arbitration agreement between the parties, but at the same time the federal district court dismissed all pendent state claims, the court believing that it had the discretion to so do, and further believing that the assertion of these state claims in a 10b–5 proceeding would unduly complicate and delay the 10b–5 proceeding.

Coffey thereafter filed her various state claims, including her claim based on Colorado securities law, in state court. The complaint filed in state court was nearly a verbatim copy of the complaint previously filed in federal district court except for the deletion of the 10b–5 claim. Specifically, the "General Allegations" set forth in the complaint filed in state court were the same as those pleaded in the federal court. Count 1 of the complaint filed in state court alleged a breach of fiduciary duty; Count 2 was based on alleged negligence; Count 3 was based on local Colorado securities law, i.e., Colo.Rev.Stat. §§ 11–51–123 and 11–51–125(2) (1973); Count 4 on intentional and outrageous conduct; and Count 5 was based on Dean Witter's alleged failure to supervise and control its account executive, Jeffrey Hines.

Jumping ahead, all the state claims were eventually referred to arbitration, over Coffey's objection. After hearing, the arbitrators found in favor of Dean Witter "in full settlement of all claims submitted to this arbitration." On January 27, 1989, a state district court judge confirmed the arbitration award, rejecting Coffey's suggestion that her various state claims were not subject to arbitration. In an unpublished opinion, the Colorado Court of Appeals affirmed the state district court's confirmation order, agreeing with the state district court that Coffey's state claims against Dean Witter were subject to arbitration.

Back to the federal court. The district court granted Dean Witter an interlocutory appeal from its order denying the arbitration of Coffey's federal securities claim. As stated, a panel of this court on June 26, 1987, granted Dean Witter's unopposed motion for an immediate remand to allow the district court to reconsider its earlier order denying arbitration in the light of a then recent Supreme Court decision, i.e., *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). After remand, that particular appeal was dismissed.

Upon remand, the same federal district judge, who had previously denied Dean Witter's request to compel arbitration, held that Coffey's federal securities claim *was* subject to the arbitration agreement, and Coffey's federal securities claim was submitted to the same arbitration panel to which Coffey's pendent state claims, which, as indicated, after being dismissed in federal court were refiled in state court, had been submitted but were still pending.[2] After hearing, the arbitration panel not only rejected Coffey's state claims, but at the same time also found for Dean Witter on Coffey's federal securities claim. A different federal district judge thereafter confirmed the arbitration award in favor of Dean Witter and dismissed Coffey's federal securities claim.

Coffey appealed the order of the federal district court confirming the arbitration award in favor of Dean Witter and dismissing Coffey's federal securities claim, and, as indicated, we reversed, holding that Coffey's federal securities claim was not subject to arbitration and remanded "for further proceedings not inconsistent with this decision." *Coffey v. Dean Witter, supra.*

After this remand, Dean Witter filed a motion for summary judgment based on collateral estoppel, counsel contending that the arbitration award dismissing Coffey's state claims based on *state* securities law, negligence, breach of fiduciary duty, and the like, barred further proceedings on her

---

**2.** The record does not disclose whether Coffey sought an interlocutory appeal of the federal district court's ruling that her federal securities claim was subject to the arbitration agreement under 28 U.S.C. § 1292(b).

federal securities claim in federal court. A third federal district judge granted the motion and dismissed Coffey's federal securities claim. In so doing, the federal district court recognized the rule of *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352 (11th Cir.1985), that a federal claim which is non-arbitrable may be barred by collateral estoppel arising out of the resolution of state claims which were subject to arbitration.[3] The federal district court in granting Dean Witter summary judgment concluded that "collateral estoppel is properly applied to plaintiff's 10b–5 claim based on the prior arbitration and decision in favor of the defendants on all plaintiff's claims save for her 10b–5 claim, which the Tenth Circuit determined she could not be compelled to arbitrate."

On appeal, Dean Witter's basic position is that the arbitration award in favor of Dean Witter on Coffey's state claim based on *state* securities law involved the same issues as posed by her claim based on *federal* securities law, and, having lost her claim based on state securities law, she is collaterally estopped from proceeding further with her 10b–5 claim. Coffey's basic position is that issues resolved in the arbitration of the issues raised by her complaint in state court are not identical with the issues raised in her proceeding in federal court based on federal securities law, and further, that it is uncertain whether there was a "final judgment" in the state proceedings.

■■■■ The parties in this court are in substantial accord as to the nature and effect of collateral estoppel. For example, Coffey in her brief concedes that the doctrine of collateral estoppel precludes a second trial of an issue of fact or law if that issue of fact or law has previously been

litigated and decided.[4] Further, the parties agree that a person relying on collateral estoppel must establish four elements: (1) the issue is identical to the issue litigated in the prior proceeding; (2) there was a final judgment on the merits in the prior proceeding; (3) the party against whom preclusion is asserted was a party to or in privity with the party to the prior litigation; and (4) the party to be precluded had a full and fair opportunity to litigate the issue.[5] The district court in granting Dean Witter's summary judgment concluded that Dean Witter had met each of these four requirements. On appeal, Coffey concedes that Dean Witter did meet the third and fourth requirements above set forth, but claims that Dean Witter did not meet the first two requirements.

Coffey first argues that the fact issues underlying her federal securities claim are not identical to the fact issues underlying her state securities claim, or the other state claims, decided in arbitration. Before considering that particular matter we should first address Coffey's assertion that her state securities claim was not actually submitted to arbitration!

■■■ As above stated, Coffey's original complaint in federal district court contained five pendent state claims, one of which was based on state securities law, Colo.Rev. Stat. §§ 11–51–123 and 11–51–125(2) (1973). After the federal district court dismissed the pendent state claims, Coffey refiled those claims in a state court, and it is agreed that one of those claims was based on Colorado securities law and appeared on page 8 of the complaint. It is further agreed that the state district court ordered all claims asserted in Coffey's state proceeding be subject to arbitration. In her "Demand For Arbitration," Coffey de-

---

**3.** In *Greenblatt*, at p. 1361, the Eleventh Circuit stated that a federal court should be hesitant to preclude the litigation of a non-arbitrable federal claim based on "the collateral estoppel effects of a prior arbitration award," but nonetheless went on to hold in that case that the "arbitration award should be given collateral estoppel effect in the present judicial proceeding." *In Accord Benjamin v. Traffic Exec. Ass'n Eastern Railroads,* 869 F.2d 107, 114 (2d Cir.1989).

**4.** The doctrine of collateral estoppel also bars relitigation of legal or factual issues that have previously been decided through arbitration. *Sanders v. WMATA,* 819 F.2d 1151, 1157 (D.C.Cir.1987).

**5.** *Kunzelman v. Thompson,* 799 F.2d 1172, 1176 (7th Cir.1986). *In Accord Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396, 399 (1973).

scribed the "Nature of Dispute" as follows: "Securites [sic] Fraud, Negligence, Breach of Contract, Breach of Fiduciary Duties (see Complaint attached)." Attached to the arbitration demand was a copy of the nine-page complaint which Coffey had filed in the state district court after her pendent state claims were dismissed by the federal district court. However, page 8 of the complaint was "missing," and Coffey's state securities claim, Count 3 of the complaint, was set forth on page 8.[6] Such is the basis for Coffey's argument that her state securities claim was *never* submitted to arbitration.

As indicated, Coffey's state securities claim, as well as two other claims, appeared on page 8 of the complaint filed in state court. The fact that the copy of her complaint in state court which was attached to her Demand for Arbitration had a "missing" page 8 was not detected by any party until much later. The "missing" page 8 was not detected by anyone during the entire arbitration process. It was not brought to the attention of the state district court which confirmed the arbitration award. Nor was it brought to the attention of the federal district court at the hearing on Dean Witter's motion for summary judgment.

From the record before us it would appear that the "missing" page 8 was first discovered by counsel for Dean Witter *after* the hearing in federal district court on Dean Witter's motion for summary judgment. In any event, a few hours after the hearing on the motion for summary judgment, counsel for Dean Witter submitted to the federal district court a copy of page 8 of Coffey's complaint filed in state court, counsel believing that the page had been inadvertently omitted from the copy of the complaint which Dean Witter filed in support of its motion for summary judgment. Some fifteen days later Coffey filed a post-hearing brief with the federal district court in which she argued for the first time, so far as we can tell, that because of the "missing" page 8 her claims based on Colo.

Rev.Stat. §§ 11–51–123 and 11–51–125(2) were never submitted to arbitration. The federal district court rejected Coffey's argument that her state securities claim was never submitted to arbitration as being "tardy and unpersuasive."

We, too, are not persuaded by Coffey's belated suggestion that because of the "missing" page 8, her state securities claim and two of her other five claims alleged in her complaint filed in state court were never submitted to arbitration. To hold otherwise would mean that the arbitration hearing on the claims asserted in Coffey's complaint in state court, and the award thereon which was later confirmed by a state district court and, on appeal, affirmed by the Colorado Court of Appeals, is a nullity.

■ Certainly the order of the state district court referred *all* of Coffey's state claims to arbitration. A transcript of the proceedings at the ensuing arbitration is a part of the record on appeal, and such indicates that the parties, at least, believed that all of the state claims were being arbitrated. Indeed, it would appear that counsel for Coffey was not even aware that there was a "missing" page 8 until *after* the hearing in the federal district court on Dean Witter's motion for summary judgment when the omission was brought to his attention by opposing counsel. Be that as it may, we think the real question is whether the underlying issues of fact resolved in the arbitration are identical to the issues of fact underlying Coffey's federal securities claim. As will be developed, we think there was such identity, and that summary judgment for Dean Witter on the basis of collateral estoppel was appropriate.

In our view, the federal and state law concerning unlawful practices in connection with the purchase or sale of securities are quite parallel.

Rule 10b–5, 17 C.F.R. § 240.10b–5 (1990) provides as follows:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate

---

**6.** Also set forth on the "missing" page 8 were Coffey's fourth and fifth claims based respec-tively on intentional and outrageous conduct and failure to supervise.

commerce, or of the mails, or of any facility of any national securities exchange,

(a) to employ any device, scheme or artifice to defraud,

(b) to make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Section 11–51–123, Colo.Rev.Stat. (1973) provides as follows:

**Fraudulent and other prohibited practices.**

(1) It is unlawful for any person, in connection with the offer, sale, or purchase of any security, directly or indirectly:

(a) To employ any device, scheme, or artifice to defraud;

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading; or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

We note that both the federal and state law bearing on the purchase and sale of securities make unlawful the use of a scheme to defraud, the making of untrue statements of material fact or the failure to state a material fact, or engaging in an act or in a practice which operates as a fraud or deceit upon any person. In a different context, it was held that the local Colorado securities law and the federal securities law were "substantially identical." *Ohio v. Peterson, Lowry, Rall, Barber & Ross,* 472 F.Supp. 402, 405 (D.C.Colo.1979), *aff'd,* 651

F.2d 687 (10th Cir.1981), *cert. denied,* 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981).

Coffey's complaint filed in the state court not only alleged a violation of Colorado securities statutes, but also alleged a breach of a fiduciary duty, negligent conduct, intentional misconduct, and a failure to supervise. At the hearing before the arbitration panel both Florabelle Coffey and Jeffrey Hines, the Dean Witter account executive who handled Florabelle Coffey's accounts with Dean Witter, testified, and were examined and cross-examined at great length. Florabelle Coffey's allegations of misconduct on the part of Jeffrey Hines, i.e., negligence, intentional misconduct, fraud and the like, were explored at length and the arbitration panel by its award rejected all.[7] And the charges made by Florabelle Coffey, and rejected by the arbitration panel, were at the heart of her charges that Dean Witter also violated federal securities law. We agree with the federal district court that to allow Florabelle Coffey to now have her federal securities claim tried *de novo,* so to speak, would give her a second chance to prove the very issues of fact which she tried to prove in the arbitration, and, according to the arbitrators failed to prove. In such circumstance, collateral estoppel is appropriate.

In addition to arguing that there was insufficient evidence to show that the issues resolved in the arbitration are identical with the issues which Coffey sought to raise in her federal securities claim, Coffey also asserts that there was insufficient evidence to show that the arbitration award proceeded to a true "final judgment." This argument was initially based on a belief that the standard of proof required under state securities law is higher than that required in connection with a federal securities claim, i.e., "clear and convincing" vis-a-vis "preponderance." In his reply brief, counsel abandoned that particular argument. In any event, the record before us indicates that the arbitration award dis-

---

**7.** Fed.R.Civ.P. 15(b) provides that when issues not raised by the pleadings are nonetheless tried by express or implied consent of the parties, they shall be treated as if they had been raised in the pleadings.

missing all of Coffey's state claims was confirmed by the state district court and, on appeal, the district court's order was affirmed by the Colorado Court of Appeals. Such, to us, is about as "final" as any arbitration award could be.

Judgment affirmed.